◗ AO 472  (Rev. 12/03)  Order of Detention Pending Trial
_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 05-CR-20030-01-BC

CHRISTOPHER DARNELL GRIFFIN
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with § 3142(f) of the Bail Reform Act, a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I:  Findings of Fact**

Does not apply.

### Alternative Findings (A)

(1)      There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2)      The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II:  Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues

that the presumption in favor of detention applies. As this defendant faces at least ten

years potential custody for alleged violations of the Controlled Substances Act, I agree

that the presumption applies.  Therefore, I am required to consider whether or not

there is sufficient evidence to rebut the presumption in light of the factors set forth

under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically cocaine.  I find that from the grand jury having passed an Indictment there is probable cause as to this defendant.  In so ruling, I agree with defense counsel's argument that the fact that an indictment is filed does not, by itself, mandate a finding of detention nor, a finding that there is, at this stage of the proceedings, clear and convincing evidence against this defendant.

As to the factors set forth in § 3142(g)(3), I note that the defendant was born and raised in Arkansas, and moved to Michigan in 1997.  Defense counsel proffers that the defendant lives in the Detroit area, as does his mother, siblings, and other relatives.  The defendant has been unemployed for approximately 2 to 2½ years.  Prior to that, he was employed for a 2 year period as a laborer.

The defendant's criminal history indicates a misdemeanor possession of controlled substances conviction in Tennessee.  Defense counsel proffers that the defendant made all required appearances for that case.  The government proffers that there was a failure to appear in that matter.  I note that there is no subsequent criminal history for this defendant.

During the defendant's initial processing by Pretrial Services, drug screening was positive for cocaine and marijuana.  Defense counsel contests the positive finding for cocaine.

Defense counsel proffers that there are family members with whom defendant could reside.  While not wishing to impugn the veracity of counsel's statements, and while making no finding as to whether or not the defendant was forthcoming at his initial interview, Pretrial Services has thus far been completely unable to verify the presence of defendant's family, their residence, the defendant's present residence, or the willingness of other family members to take in the defendant or supervise him as a

third party custodian.  As a result, I cannot conclude that defense counsel's currently

unsubstantiated proffer is sufficient to rebut the presumption in favor of detention

made on this record.  Accordingly, I am forced to conclude that the presumption has

not been rebutted.  Therefore, the government's motion to detain is **GRANTED**.

**Part III:  Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated

representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal.  The defendant

shall be afforded a reasonable opportunity for private consultation with defense counsel.  On

order of a court of the United States or on request of an attorney for the Government, the person

in charge of the corrections facility shall deliver the defendant to the United States marshal for

the purpose of an appearance in connection with a court proceeding.


                                                   s/ *Charles E Binder*
                                                   CHARLES E. BINDER
Dated: July 14, 2005                               United States Magistrate Judge



                                **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Janet Parker,
and served on Daniel Blank, District Judge Lawson, the U.S. Marshal's Service and Pretrial Services in the
traditional manner.


Date: July 14, 2005                    By        s/Jean L. Broucek
                                       Case Manager to Magistrate Judge Binder